## The National Newark Banking Company *versus* The Second National Bank of Erie.

Judson, who resided in Newark, N. J., purchased, on Saturday the 17th of March, in Erie, Pa., from a bank in Erie, a draft on Culver, New York. On the 19th he left Erie for home, stopping at a number of places on his business, which was a travelling agent, arriving at Newark on the 26th, he sold the draft on the 27th to the Newark Bank, they presented it on the 28th, payment was refused and it was protested. In a suit by the Newark Bank against the Erie Bank, *Held*, that under the circumstances the bill was presented within a reasonable time.

November 24th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county:* No. 185, to October and November Term 1869.

This was an amicable action of assumpsit, commenced May 15th 1866, between The National Newark Banking Company, plaintiffs, and The Second National Bank of Erie, defendants.

The suit was on the following draft:—

"SECOND NATIONAL BANK OF ERIE,
Erie, Pa., March 17th 1866.
Pay to the order of A. Judson, Esq., three hundred dollars.
WM. C. CURRY,
Cashier.

To Culver, Penn & Co., New York.
$300."

The draft was afterwards endorsed by Judson, who sold it to the plaintiffs on the 27th of March; it was presented for payment on the 28th of March, payment was refused and the draft was duly protested. The facts of the case are stated fully and in detail by Mr. Justice Read in delivering the opinion of the Supreme Court.

The court below (Derrickson, J.), after referring to the facts, charged:—

"I am not aware at this moment of any decision which defines the time within which a bill must be presented, but all the authorities say it must be within a reasonable one. What this will be in any one given case, would very seldom, if ever, answer for another, because the circumstances attendant on each are so varied and different, and in most cases it would be a question of fact for the jury to pass upon, and it would be so now, were there any disputed facts arising out of the testimony, which there are not. Admitting, then, what the witness testifies to be true, we think it affords no excuse for the delay, which we also think was unreasonable. That the Newark Bank itself is free from the

charge we readily admit, but not from that of its endorser, for the time which had elapsed was patent on the face of the bill. What is thus said will answer the several points made by the counsel of the plaintiffs."

The verdict was for the defendants.

The plaintiffs took a writ of error, assigning the charge for error.

*Curtis, Spencer & Marvin,* for the plaintiffs in error.—The question as to unreasonable delay was for the jury. The delay was not unreasonable: Robinson *v.* Ames, 20 Johns. 146; Aymer *v.* Beers, 7 Cowen 713; Muilman *v.* D'Eguino, 2 H. Black. 565; 1 Bouvier's Inst. 469.

*J. C. Marshall* and *D. Derrickson,* for defendants in error.

The opinion of the court was delivered, January 3d 1870, by

Read, J.—The court assuming that there were no disputed facts in this case, undertook to decide the question whether the presentment of the bill or draft which was the subject of this suit was made to the drawees in New York within a reasonable time. Their decision was that the time taken was unreasonable, and that the defendants were not liable to pay the amount of their draft.

A. Judson, who was acting as the agent of T. H. Hubbard in the collection of money claimed by him, by way of damages, from different persons for the unlawful use or infringement of a photographic patent, on Saturday, 17th March 1866, purchased the following draft from the defendants:—

" SECOND NATIONAL BANK OF ERIE.

Erie, Pa., March 17th 1866.

Pay to the order of A. Judson, Esq., three hundred dollars.
    (Signed)                         WM. C. CURRY,
                                                Cashier.

To Culver, Penn & Co., New York."

Mr. Judson was a resident of Newark, New Jersey, and his business took him through the oil region. He stayed at Erie over Sunday and on Monday the 19th of March left Erie and travelled as far as Oil City that day, stopping at Meadville and Franklin on his way; he stopped at Oil City on Monday night, and on Tuesday morning, the 20th, left for Pithole, and reaching that place Tuesday evening, stayed there Tuesday night; on Wednesday he went to Titusville, where he stayed Wednesday; on Thursday he went to Corry and stayed there Thursday night; on Friday the 23d of March he left Corry and travelled continually night and day, until he arrived at Newark, his place of residence, on Sunday, March 25th. Until he reached Corry he

[National Newark Banking Co. *v.* Second National Bank of Erie.]

travelled partly by cars and partly by stage, making collections on his route at different places where he stopped. On Monday the 26th of March he remained at home very much fatigued and overcome by the journey. On Tuesday the 27th of March he transferred the bill to the plaintiffs, receiving from them in money the full face of the bill. It was sent by them, by mail to their correspondent, the Merchants' National Bank of New York, and was on the 28th of March presented by them for payment to the drawees, and payment refused, they having failed the day before.

There is no allegation that the plaintiffs, so far as regards themselves, did not present the draft in due time, but it is alleged that the delay on the part of Judson was unreasonable, and so the court held.

The bill was drawn at Erie in the state of Pennsylvania, at the extreme western end of it, upon persons in the city of New York, and sold to a travelling agent whose residence was in Newark in the state of New Jersey. As all bank-notes in the present day are at par everywhere, the object in purchasing a draft was to prevent loss by theft, robbery or accident. The business of the agent led him through the different places we have stated and detained him necessarily on the road, and he was therefore not obliged, nor could it be expected, while so doing that he would transmit this draft for collection to New York, nor would there be in fact any opportunity to negotiate it until he reached his own home in New Jersey.

We are therefore of opinion that under these circumstances the bill was presented within a reasonable time, and that the defendants are liable to pay the same.

Judgment reversed, and *venire de novo* awarded.